22-1680-cr(L)
*United States v. Helbrans et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

MORDECHAY MALKA, MATITYAU MOSHE MALKA, MAYER ROSNER, NACHMAN HELBRANS,

> *Defendants-Appellants*,

ARON ROSNER, a/k/a Aaron Rosner,
JACOB ROSNER, a/k/a Chaim Rosner,

22-1680-cr, 22-2639-cr, 22-2769-cr, 22-2876-cr, 22-2877-cr

SHMIEL WEINGARTEN, YOIL
WEINGARTEN, a/k/a Yole Weingarten,
a/k/a Yoel Weingarten, YAKOV
WEINGARTEN, a/k/a Yaakov Weingarten,
a/k/a Yankev Nuchem Weingarten,

     *Defendants.*<sup>*</sup>

_____

FOR DEFENDANTS-APPELLANTS:           Nachman Helbrans, *pro se*, Fort Dix, NJ; Mordechay Malka, *pro se*, Monsey, NY; Mayer Rosner, *pro se*, Fort Dix, NJ; Matityau Moshe Malka, *pro se*, Spring Valley, NY.

FOR APPELLEE:           Sam Adelsberg, Jamie Bagliebter, James Ligtenberg, Michael D. Maimin, Assistant United States Attorneys, *of counsel*, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments entered on October 11, 19, and 26, 2022, are **AFFIRMED**.

In this consolidated direct criminal appeal, self-represented defendants-appellants Mordechay Malka, Matityau Moshe Malka, Nachman Helbrans, and Mayer Rosner

_____

<sup>*</sup> The Clerk's Office is directed to amend the caption as reflected above.

challenge their convictions on the following charges:

Mordechay Malka – one count of conspiracy to kidnap, unlawfully use a means of identification, and enter a secure area of an airport by false pretenses, all in violation of 18 U.S.C. §371; and two counts of international kidnapping with intent to obstruct the lawful exercise of parental rights, in violation of 18 U.S.C. §1204(a), the International Parental Kidnapping Crime Act ("IPKCA").

Matityau Moshe Malka – one count of conspiracy to kidnap, unlawfully use a means of identification, and enter a secure area of an airport by false pretenses, all in violation of 18 U.S.C. §371; and one count of international kidnapping with intent to obstruct the lawful exercise of parental rights, in violation of 18 U.S.C. §1204(a), the IPKCA.

Nachman Helbrans – one count of conspiracy to transport a minor with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. §2423(a); one count of conspiracy to travel with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. §2423(b); one count of conspiracy to kidnap, unlawfully use a means of identification, and enter a secure area of an airport by false pretenses, all in violation of 18 U.S.C. §371; and three counts of international kidnapping with intent to obstruct the lawful exercise of parental rights, in violation of 18 U.S.C. §1204(a), the IPKCA.

Mayer Rosner – one count of conspiracy to transport a minor with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. §2423(a); one count of conspiracy to travel with the intent to engage in illicit sexual conduct, in violation of 18

3

U.S.C. §2423(b); one count of conspiracy to kidnap, unlawfully use a means of identification, and enter a secure area of an airport by false pretenses, all in violation of 18 U.S.C. §371; and two counts of international kidnapping with intent to obstruct the lawful exercise of parental rights, in violation of 18 U.S.C. §1204(a), the IPKCA.

The convictions arise out of the kidnappings of two siblings, Jane Doe and John Doe, who until 2018 lived with their parents in the religious community of Lev Tahor, which the Indictment describes as "an extremist Jewish sect based in Guatemala." Supp. App'x at 207. In 2018, Jane Doe was "religiously 'married'" by Lev Tahor leaders to Mayer Rosner's adult son, Jacob, "when she was thirteen and he was nineteen, at which point they immediately began a sexual relationship with the goal of procreation." *Id.* at 209. In October 2018, Jane and John Doe's mother determined that residing with Lev Tahor was not safe for the children, and by November 2018 had relocated them to the United States, where she obtained an order of temporary sole custody over both children. In December 2018, Helbrans, Mordechay Malka, and Rosner kidnapped the children from a family friend's home in New York state, where they were with their mother, and took them to Mexico. The children were recovered in Mexico by law enforcement officials about three weeks later and returned to their mother in New York. In March 2019, Helbrans, Matityau Moshe Malka, and a co-conspirator attempted to kidnap Jane Doe again. We assume the parties' familiarity with the remaining facts, the procedural

4

history, and the issues on appeal.[1]

On appeal, appellants principally argue that (1) Jane Doe was validly married to Jacob Rosner, and emancipated by that marriage, and thus there could be no criminal or illicit sexual conduct as required to sustain a conviction under 18 U.S.C. §2423, and there could be no kidnapping under the IPKCA; (2) the IPKCA is unconstitutionally vague as applied to appellants; (3) applying the IPKCA in these circumstances contravenes the purpose of the statute and detracts from the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"); and (4) their Sixth Amendment rights were violated when the District Court delayed granting their motions to proceed without counsel and later terminated their self-representation.[2] We address each argument in turn.

*First*, as noted above, appellants argue that the kidnapped minor, Jane Doe, was legally married to Jacob Rosner in Guatemala and consequently, any intended sexual

---

[1] The lead appeal, 22-1680, was initially filed as an appeal by Mordechay Malka of the District Court's August 1, 2022, denial of his request for pre-trial release. *See* ECF No. 1 (2d Cir. Aug. 1, 2022). That issue is now moot because judgment has entered and Malka has completed the custodial portion of his sentence.

[2] In a footnote, appellants also contend that the government effectively changed the wording of one count of the operative indictment during summation, amounting to an impermissible constructive amendment of the indictment, and that two counts amounted to selective prosecution. "It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forfeited]." *United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013) (citation and quotation marks omitted). "This rule has particular force where," as here, "an appellant makes an argument only in a footnote." *Id.* (citation and quotation marks omitted). Accordingly, we do not address these issues.

conduct between the two could not be criminal or illicit sexual conduct as required to sustain a conviction under 18 U.S.C. §2423. Additionally, appellants argue that Jane Doe was emancipated as a result of the marriage, and thus there could be no kidnapping in violation of the IPKCA because all parental rights were extinguished. We disagree.

After careful review of the record, we conclude that under Guatemalan law, Jane Doe's purported 2018 marriage to Jacob Rosner, an adult man, was void and had no legal effect.[3] The plain text of the Guatemalan Civil Code and the Guatemalan Law of the Judicial Organism make clear that under these circumstances, the marriage of a thirteen-year-old girl to an adult man was prohibited and the marriage was therefore void. *See* App'x at 95; Suppl. App'x at 403, 509-10. Thus, Jane Doe's purported marriage does not undermine appellants' convictions under section 2423 or the IPKCA.

*Second*, appellants argue that the IPKCA is unconstitutionally vague as applied to them. Again, we disagree. Section 1204 is not vague as applied to appellants because their "conduct is clearly proscribed by the statute." *United States v. Houtar*, 980 F.3d 268, 274 (2d Cir. 2020) (citation and quotation marks omitted). The statute applies to "[w]hoever removes a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights." 18 U.S.C. §1204(a). The application of the IPKCA to

---

[3] This Court may decide questions of foreign law and may "consider any relevant material" when doing so. *Carlisle Ventures, Inc. v. Banco Espanol de Credito, S.A.*, 176 F.3d 601, 604 (2d Cir. 1999); *see also Bugliotti v. Republic of Argentina*, 952 F.3d 410, 413-14 (2d Cir. 2020).

the conduct of appellants Mordechay Malka, Helbrans, and Rosner is straightforward as charged in counts four and five, which focus on the December 2018 removal of Jane and John Doe. Appellants Mordechay Malka and Helbrans removed Jane and John Doe from the United States, a process that Helbrans and Rosner coordinated. The children had been in the United States for several weeks when they were taken. The children's mother had a temporary sole custody order, of which appellants were aware. The children's mother did not give appellants – or anyone else – permission to take the children out of the country. In short, appellants' conduct was "clearly proscribed by the statute," *Houtar*, 980 F.3d at 274 (citation and quotation marks omitted), and the statute is not vague as applied to them.

The application of the IPKCA to the conduct of appellants Matityau Malka and Helbrans as charged in count six, which focuses on the March 2019 efforts to remove Jane Doe, is also evident. Jane had then been in the United States for several months. Her mother's sole custody order was still in effect and had been extended multiple times. Members of Lev Tahor, including Matityau Malka and Helbrans, repeatedly approached Jane and her family in March. They made threats to the family and took steps to take Jane and her brother away from their mother. Again, these appellants' conduct was clearly proscribed by the statute and the IPKCA is not vague as applied to them.

*Third*, appellants argue that applying the IPKCA here "perverts IPKCA's purpose and detracts from the Hague Convention." Appellants' Br. at 111. We are not persuaded. The prosecution of these appellants advances, rather than undermines, the purpose of the

7

IPKCA.  And prohibiting the international kidnapping of children from their custodial parent in no way detracts from the Hague Convention, particularly where, as here, one parent has been issued a sole custody order for those children in the United States.  *See United States v. Miller*, 626 F.3d 682, 688-89 (2d Cir. 2010) (disagreement over validity of custody order provides no defense to IPKCA charges).

*Fourth*, appellants contend that the District Court violated their Sixth Amendment rights to self-representation when it delayed their *Faretta* hearings for several months and terminated their *pro se* statuses.  We identify no Sixth Amendment violation.  A defendant has a Sixth Amendment right to represent himself in a criminal trial.  *See Faretta v. California*, 422 U.S. 806, 819 (1975).  "In determining whether a defendant's *Faretta* rights have been respected, the primary focus must be on whether the defendant had a fair chance to present his case in his own way."  *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984).  In this case, the District Court's delay in granting appellants' motions to proceed without counsel did not prevent them from having a "fair chance to present [their] case in [their] own way."  *Id.*  After the District Court granted appellants' requests to proceed without counsel, it provided them with a four-month period to amend, supplement, or disavow previously submitted counseled motions, but appellants chose not to do so.  Even after it ruled on the counseled motions, the District Court provided each appellant with generous deadlines for the filing of new motions, and repeatedly considered motions filed after those deadlines.

Nor have appellants shown that the District Court violated their Sixth Amendment

rights by later revoking their *pro se* statuses. While the Sixth Amendment guarantees the right of a defendant to represent himself in a criminal trial, that right "is not a license to abuse the dignity of the courtroom." *United States v. Hausa,* 922 F.3d 129, 136 (2d Cir. 2019) (per curiam) (citation and quotation marks omitted). "A trial court may deny the right to act *pro se* where the defendant deliberately engages in serious and obstructionist misconduct or is not able and willing to abide by rules of procedure and courtroom protocol." *Clark v. Perez*, 510 F.3d 382, 395 (2d Cir. 2008) (citations and quotation marks omitted). The record is replete with examples of each appellant violating the District Court's clear orders, refusing to answer the Court's direct questions, and delaying trial proceedings by raising duplicative arguments. Under these circumstances, the District Court was permitted to revoke appellants' *pro se* statuses.

We have considered all of appellants' remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgments of the District Court.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Appellants' motion to file an oversized reply brief, ECF No. 402, is granted. We have considered the arguments raised in the reply brief. *See* ECF No. 401.